1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CORKEY DENNIS OGLE,                           No.  2:20-cv-1108 CKD P

12                  Petitioner,

13          v.                                      ORDER

14   UNKNOWN,

15                  Respondent.

16

17          Petitioner, a state prisoner at R.J. Donovan Correctional Facility, has filed a document

18   styled "Notice of Motion of Intent," seeking to notify this court that in light of the denial of his

19   application for a writ of habeas corpus in the California Supreme Court, he intends to file an

20   application for a writ of habeas corpus with this court.  (ECF No. 1.)  He asserts that he is

21   experiencing delays with his access to the law library due to the current public health crisis,

22   appears to seek an extension of the statute of limitations, and requests appointment of counsel to

23   assist him in filing his petition.  (Id.)  No other pleadings have been filed by the petitioner.

24          In order to commence an action, petitioner must file a petition for writ of habeas corpus as

25   required by Rule 3 of the Rules Governing Section 2254 cases, and either pay the required filing

26   fee or file an application requesting leave to proceed in forma pauperis.  See 28 U.S.C.

27   §§ 1914(a), 1915(a).  This court does not have the authority to extend the statute of limitations

28   established in the Antiterrorism and Effective Death Penalty Act (ADEPA) and cannot grant an

                                                    1

1   extension of time for petitioner to file his initial habeas corpus petition.  See 28 U.S.C. §

2   2244(d)(1); Joseph v. People of the State of Cal., No. CV 16-07921-JAK (AS), 2016 WL

3   6680409, at *1, 2016 U.S. Dist. LEXIS 157340, at *2-3 (C.D. Cal. Nov. 14, 2016) ("Petitioner's

4   motion for an extension of time in an attempt to bypass the statute of limitations hurdle must be

5   denied because the Court has no basis for determining whether an extension of time and/or

6   statutory or equitable tolling would be appropriate." (citations omitted)).  Accordingly, to the

7   extent petitioner is seeking an extension of the statute of limitations, the request will be denied.

8   Petitioner will be provided the opportunity to file a petition and to submit an application

9   requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.  However,

10  the court does not guarantee that filing a petition within the time permitted will ensure its

11  timeliness.  Failure to comply with this order will result in a recommendation that this action be

12  dismissed.

13      Petitioner has also requested the appointment of counsel.  (ECF No. 1.)  There currently

14  exists no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105

15  F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of

16  counsel at any stage of the case if "the interests of justice so require."  In the present case,

17  petitioner has not provided any information regarding his anticipated petition and the court is

18  therefore unable to find that the interests of justice would be served by the appointment of

19  counsel at the present time.

20      In accordance with the above, IT IS HEREBY ORDERED that:

21      1. Petitioner's Notice of Motion of Intent (ECF No. 1), which is construed as a request to

22  extend the statute of limitations, is denied.

23      2. Within thirty days of the service of this order, petitioner may file a petition that

24  complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of

25  Civil Procedure, and the Local Rules of Practice.  The petition must bear the docket number

26  assigned this case.

27      3. Within thirty days of the service of this order, petitioner shall file an application to

28  proceed in forma pauperis on the form provided by the Clerk of Court or the filing fee in the

1  amount of $5.00.

2       4.  Petitioner's failure to comply with this order will result in a recommendation that this

3  matter be dismissed.

4       5.  The Clerk of the Court is directed to send petitioner the court's form for filing a

5  petition for writ of habeas corpus and the application to proceed in forma pauperis by a prisoner.

6  Dated:  June 5, 2020

7                                                    _____

8                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE
9

10

11  13:ogle1108.no.petition

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28